UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD K. SMITH, | ) |
| Plaintiff, | ) 3 09 0559 |
| v. | ) No. 3:09mc0124 |
| CCA/METRO DAVIDSON COUNTY DETENTION FACILITY, ET AL., | ) Judge Campbell |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Metro-Davidson County Detention Facility (MDCDF) in Nashville. He brings this action under 42 U.S.C. § 1983 against: 1) MDCDF; 2) Bobby Aylward; 3) Elaine Stephens; and 4) Daryl Jones. Defendants Aylward, Stephens, and Jones were employed at MDCDF at the time of the alleged events that gave rise to this action. The plaintiff seeks money damages and injunctive relief.

The plaintiff asserts that he challenged the way the Lifeline program is run at MDCDF, that defendants Aylward and Stephens set him back a week for doing so, and that defendant Jones would not intervene in that decision.[1] (Docket Entry No. 1, ¶ IV, p. 5-2)[2] The plaintiff claims that several weeks later, just as he was about to graduate, he was terminated from the program, and a disciplinary report issued against him. (Docket Entry No. 1, ¶ IV, p. 5-2) According to the plaintiff, he was

---

[1] Lifeline is a substance abuse treatment program at MDCDF. Defendant Aylward is alleged to have been the Lifeline coordinator, and defendant Stevens a Lifeline counselor. Defendant Jones is alleged to have been the unit manager of the unit in which the plaintiff was housed at the time.

[2] The following convention is used in referring to the statement of facts: (Docket Entry No. 1, ¶ IV, p. 5-X), where "X" is the page number written on the top of the page to which reference is made.

transferred to another unit, and told that he would have to start the Lifeline program over again (Docket Entry No. 1, ¶ IV, p. 5-2)

The plaintiff asserts that he was found not guilty of the offenses charged, and that he was supposed to be permitted to graduate with his original Lifeline class. (Docket Entry No. 1, ¶ IV, p. 5-2 & 5-3) The plaintiff avers that, when he was not allowed to graduate with his original Lifeline class, he filed a grievance, but to no avail. (Docket Entry No. 1, ¶ IV, pp. 5-1 & 5-3)

The plaintiff asserts that he is suing the defendants "for cruel and unusual punishment," for "violating [his] grievance rights," and for "violating [his] dis[ipl]inary final decision right[s]." (Docket Entry No. 1, ¶ IV, p. 5-3)(unnecessary capitalization omitted)

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.*

2

at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

## A. Defendant MDCDF

The plaintiff alleges that defendant MDCDF does not provide the rehabilitative treatment ordered by the courts, and that it permits MDCDF officials to abuse inmates in the Lifeline program.

"Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). Just as sheriffs' offices and police departments are not bodies politic and, as such, are not "persons" within the meaning of § 1983, *see Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007)); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), prisons and jails also are not "persons" within the meaning of § 1983, *see Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (D.C. Pa. 1976); *Marsden v. Fed BOP*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill 1993); *McCoy v. Chesapeake Correct. Ctr.*, 788 F.Supp. 890, 893-894 (E.D. Va. 1992).

Because defendant MDCDF is not a "person" for purposes of § 1983, the plaintiff fails to satisfy the second part of the two-part test under *Parratt*, *supra* at p. 2. Accordingly, the plaintiff's claims against defendant MDCDF will be dismissed for failure to state a claim on which relief may be granted.

3

### B. Defendants Aylward, Stephens, and Jones

#### 1. Plaintiff's Grievance and Disciplinary Claims

The plaintiff alleges that defendant Jones violated "all the procedures on [his] grievance form . ." (Docket Entry No 1, ¶ IV, p. 5-1) The plaintiff also alleges that defendant Jones "held [his] disci[pl]inary final decision for over 3 week[s] letting it get old . "[3] (Docket Entry No 1, ¶ IV, p. 5-1)

The plaintiff's grievance and disciplinary claims against defendant Jones are limited to the statements quoted above. More particularly, the complaint is devoid of any facts to support these allegations.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v Brown*, 891 F.2d 591, 594 (6th Cir. 1990) More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory *See Scheid v Fanny Farmer Candy Shops Inc*, 859 F.2d 434, 437 (6th Cir. 1988) The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Conclusory claims are subject to dismissal. *Smith v Rose*, 760 F.2d 102, 106 (6th Cir 1985); *Place v Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

Because the plaintiff fails to support his grievance and disciplinary claims against defendant Jones with any facts, these claims are conclusory. Accordingly, they will be dismissed for failure

---

[3] The plaintiff does not allege, nor can it be liberally construed from the complaint, that these two claims pertain to defendants Aylward or Stephens.

4

to state a claim on which relief may be granted.[4]

## 2. Plaintiff's Cruel and Unusual Punishment Claim

The plaintiff alleges that defendant Jones subjected him to cruel and unusual punishment for his alleged actions as they pertained to the plaintiff's grievance and disciplinary claims, and that all three of the above-named defendants subjected him to cruel and unusual punishment for their role in his being terminated from the Lifeline program.

To state a claim under the Eighth Amendment for cruel and unusual punishment, the offending conduct must involve an unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). An Eighth Amendment claim has both an objective and subjective component for non-penal conduct such as that alleged. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the pain be serious, *Hudson v. McMillian*, 503 U.S. 1, 5 (1992), and the subjective component requires that the offending conduct be wanton, i.e., that the defendants were deliberately indifferent to the plaintiff's health and/or safety, *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Both parts of this two-part test must be satisfied to establish a viable Eighth Amendment Claim.

The plaintiff does not allege, nor can it be liberally construed from the complaint, that he was subjected to serious pain. The plaintiff's claim that he suffered mentally from the defendants' alleged actions is insufficient, absent an allegation of corresponding physical injury. *See* 42 U.S.C.

---

[4] The Court also notes that, although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure, *Ilim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, the plaintiff cannot premise a § 1983 claim on allegations that the grievance procedure was inadequate and/or unresponsive, because there is no inherent constitutional right to an adequate and/or responsive grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003)(citing *Antonelli v. Shehan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

5

§ 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.") The plaintiff also does not allege, nor can it be liberally construed from the complaint, that the defendants acted with deliberate indifference to his health and/or safety.

The plaintiff has failed to satisfy either part of the two-part test required to support an Eighth Amendment claim of cruel and unusual punishment. Because the plaintiff's Eighth Amendment claim lacks an arguable basis in law or fact, it will be dismissed as frivolous.

### III. CONCLUSION

For the reasons explained herein, the complaint will be dismissed for frivolity, and for failure to state a claim on which relief may be granted. Because an appeal would not be taken in good faith, the plaintiff will not be certified to pursue an appeal *in forma pauperis*.

An appropriate order will be entered.

Todd Campbell
United States District Judge