UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD K. SMITH, ) | |
| ) | |
| Plaintiff, ) | 3 09 0559 |
| ) | |
| v. ) | No. 3:09mc0124 |
| ) | Judge Campbell |
| CCA/METRO DAVIDSON COUNTY ) | |
| DETENTION FACILITY, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court has before it a *pro se* prisoner complaint brought under 42 U.S.C. § 1983. The plaintiff, a prisoner in the Metro-Davidson County Detention Facility (MDCDF) in Nashville, also has submitted an application to proceed *in forma pauperis*.

It appears from the plaintiff's application that he cannot afford to pay the filing fee. Therefore, the Clerk will **FILE** the complaint *in forma pauperis*. 28 U.S.C. §§ 1915(a), (b)(4).

The plaintiff is herewith assessed the civil filing fee of three hundred fifty dollars ($350.00). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; <u>or</u>

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). Payments shall continue until the

$350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

As provided in the accompanying memorandum, the complaint is hereby **DISMISSED** in part for being frivolous, and in part for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); 1915A(b)(1). An appeal from the judgment rendered herein would **NOT** be taken in good faith. Therefore, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff file a notice of appeal, he either must pay the Clerk of Court the full four hundred fifty-five dollar ($455.00) appellate filing fee, or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1)-(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this order to the Warden at MDCDF to ensure that the custodian of the plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

Todd Campbell
United States District Judge